UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **YOR-WIC CONSTRUCTION COMPANY, INC.** | * | **CIVIL ACTION NO. 17-0224** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS, JR.** |
| **ENGINEERING DESIGN TECHNOLOGIES, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to remand [doc. # 10] filed by plaintiff Yor-Wic Construction Company, Inc. The motion is opposed. For reasons set forth below, it is recommended that the motion be DENIED.

**Background**

On January 3, 2017, Yor-Wic Construction Company, Inc., ("Yor-Wic") filed the instant complaint, styled as a "Petition for Declaratory Judgment with Reservation of other Actions and Defenses," against Engineering Design Technologies, Inc. ("EDT") in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana. According to the complaint, EDT entered into a contract (the "Prime Contract") with the Naval Facilities Engineering Command, Southeast ("NAVFAC") for construction of drainage improvements at Barksdale Air Force Base. (Petition, ¶ 3). EDT, in turn, entered into a March 30, 2016, agreement (the "Subcontract") with Yor-Wic to perform work under the Prime Contract. *Id*., ¶ 5.

The Prime Contract specified that EDT should not enter into any contract with a subcontractor who did not comply with the requisite Experience Modification Rate. *Id*., ¶ 8. Prior to the execution of the Subcontract, Yor-Wic advised EDT that its Experience Modification Rate exceeded the maximum permitted by the Prime Contract. *Id*., ¶ 9. EDT submitted Yor-

Wic's Experience Modification Rate to NAVFAC, but NAVFAC rejected Yor-Wic as a subcontractor. *Id.*, ¶ 10. Yor-Wic contends that the Subcontract, by incorporating the Experience Modification Rate, included a suspensive condition that NAVFAC must approve Yor-Wic as a subcontractor for the project. *Id.*, ¶ 12. Because of the failure of the suspensive condition, Yor-Wic seeks a judgment declaring the Subcontract invalid, void, null, unenforceable, extinguished, and/or without cause or consent. *Id.*, ¶ 15. In addition, Yor-Wic seeks the same declaration as to the payment and performance bonds that secured performance of the Subcontract. *Id.*, ¶¶ 16-17.

On February 1, 2017, EDT removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On February 21, 2017, Yor-Wic filed the instant motion to remand the case to state court on the basis that the amount in controversy did not exceed the jurisdictional minimum. On March 14, 2017, EDT filed an opposition memorandum. [doc. # 15]. Plaintiff filed its reply on March 22, 2017. [doc. # 21]. Thus, the matter is ripe.

## Law

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

EDT invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).[1]  Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> **(i)** nonmonetary relief . . .

28 U.S.C. § 1446(c)(2)(A)(i).

In this case, plaintiff seeks a nonmonetary declaratory judgment. Thus, the removing defendant must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, when, as here, the plaintiff challenges a defendant's assertion of the amount in controversy then, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee, supra*.

Furthermore, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996) (quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)). This value must be determined from plaintiff's perspective. *Alfonso v.*

---

[1] Plaintiff is a Louisiana corporation, with its principal place of business in this state. (Notice of Removal). Defendant is a Georgia corporation, with its principal place of business in said state. *Id.*

*Hillsborough Cty. Aviation Auth.*, 308 F.2d 724, 727 (5th Cir.1962). Nonetheless, the value to plaintiff may depend on the amount of defendant's claim that plaintiff seeks to avoid. *See Webb, supra*; *Leininger, supra*. Indeed,

> [w]hen a party seeks declaratory relief such as the cancellation of a contract or lease, the amount in controversy is not measured by the mere amount of the potential monetary judgment, but by the judgment's value to the plaintiff. Where the judgment sought includes cancellation of a future obligation, the value of that future obligation is considered in determining the amount in controversy.

*Ladner v. Tauren Expl., Inc.*, No. 08-1725, 2009 WL 196021, at *1 (W.D. La. Jan. 27, 2009) (Stagg, J.).

If the removing defendant is able to establish by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, then plaintiff still may defeat jurisdiction by establishing that it is legally certain that his recovery will not exceed the amount stated in his complaint. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378 (5th Cir. 2009) (citations and internal quotation marks omitted).

Of course, when resolving a motion to remand, it is axiomatic that the court looks at jurisdictional facts as they exist at the time the case was removed. *Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*).

### Discussion

Defendant asserted in its notice of removal that the amount in controversy exceeded $75,000 because the Subcontract that plaintiff seeks to void is valued at $6,578,183.46. (Notice of Removal). Yor-Wic, however, maintains that the object of the litigation has no value to plaintiff because it merely seeks a declaration that the Subcontract is null and unenforceable on account of the failure of the suspensive condition. *See* discussion, *supra*; Pl. M/Remand, Memo.,

pg. 4; Pl Reply Memo., pg. 1; Affidavit of Yor-Wic President David Wicker, Sr., M/Remand, Exh. In other words, if plaintiff prevails, then it will recover zero dollars.

In contrast, EDT emphasizes that the Subcontract *did* go into effect, and that Yor-Wic breached its obligations thereunder, thus subjecting Yor-Wic to damages for failure to perform. *See* EDT Answer and Counterclaim [doc. # 13]. Specifically, the Subcontract provides that Yor-Wic must reimburse EDT for any sums that EDT is required to pay another person or entity as a result of Yor-Wic's failure to perform under the Subcontract. *See e.g.*, Subcontract, ¶¶ 4.5, 6.2, and 10.1; Opp. Memo., Exh. B. Further, EDT adduced evidence that on January 4, 2017, it provided Yor-Wic with formal notice of possible termination due to Yor-Wic's failure to perform its obligations under the Subcontract. (Affidavit of Nolman Cubas, EDT Project Manager; Opp. Memo., Exh. A). Thereafter, on January 11, 2017, EDT terminated the Subcontract for default. *Id*. As a result of plaintiff's failure to perform, EDT entered into a new subcontract with another firm to perform a portion of the work that plaintiff abandoned at an increased cost of $2,708,921.10 from the amount that plaintiff had agreed to do the work. *Id*.

Thus, if Yor-Wic *were* to prevail and obtain a judgment declaring that the Subcontract was invalid or never came into existence, then it stands to gain more than $2 million in value by avoiding liability for consequential damages for its failure to perform under the Subcontract. *See Leininger, supra* (the amount in controversy equals the extent of the injury to be prevented); *Webb, supra* (value to plaintiff of enjoining arbitration was measured by the amount of defendant's claim in arbitration).

## Conclusion

For the foregoing reasons, the court finds that defendant has established by a

5

preponderance of evidence that the amount in controversy exceeded $75,000 at the time of removal, whether measured from plaintiff or defendant's perspective.[2]  Thus, the court enjoys subject matter jurisdiction, via diversity.  28 U.S.C. § 1332.  Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 10] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of April 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] The case law and (brief) cited by plaintiff do not compel a contrary result.