**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| YOR-WIC CONSTRUCTION CO., INC. | CIVIL ACTION NO. 17-0224 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ENGINEERING DESIGN TECHNOLOGIES, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff, Yor-Wic Construction Company, Inc., ("Yor-Wic") seeking a declaration of rights pursuant to La. Code Civ. Proc. art. 1871 with regard to its subcontract with Defendant, Engineering Design Technologies, Inc. ("EDT"). More specifically, Yor-Wic is requesting this Court find the subcontract invalid, null, unenforceable, extinguished and/or without cause or consent. See Record Document 1-1 at p. 3, ¶¶ 14-17, State Court Petition. EDT filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 30. However, the present Motion is more appropriately classified as a Partial Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), which will be discussed further *infra*. The Court having considered EDT's Partial Motion for Judgment on the Pleadings (Record Document 30), the Motion is **GRANTED IN PART AND DENIED IN PART**.

**I.  BACKGROUND**

On January 3, 2017, Yor-Wic filed the present lawsuit, styled as a "Petition for Declaratory Judgment with Reservation of other Actions and Defenses," against EDT in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana. See Record Document 1-1, Original Petition. This suit was initiated by Yor-Wic because EDT

defaulted Yor-Wic for non-performance. According to the original Petition, EDT entered into a contract (the "prime contract") with the Naval Facilities Engineering Command, Southeast ("NAVFAC") for construction of drainage improvements at Barksdale Air Force Base. See id. at p.1, ¶ 3. EDT, in turn, entered into a March 30, 2016, agreement (the "subcontract") with Yor-Wic to perform work under the prime contract. See id. at p. 2, ¶ 5.

The prime contract specified that EDT should not enter into any contract with a subcontractor who did not comply with the requisite Experience Modification Rate ("EMR"). See id. at ¶ 8. Prior to the execution of the subcontract, Yor-Wic alleges that it advised EDT that its EMR exceeded the maximum permitted by the prime contract. See id. at p. 3, ¶ 9. Thereafter, EDT submitted Yor-Wic's EMR to NAVFAC, but NAVFAC rejected Yor-Wic as a subcontractor. See id. at ¶ 10. Following the initial rejection, "EDT submitted a written request for additional consideration to the [c]ontracting [o]fficer due to Yor-Wic's failure to meet the specified acceptable EMR range, but NAVFAC refused to approve Yor-Wic as a subcontractor to EDT for the [p]roject." Id. at ¶ 11.

In its original Petition, Yor-Wic contends that the subcontract, by incorporating the EMR, included a suspensive condition that NAVFAC must approve Yor-Wic as a subcontractor for the project.[1] See id. at ¶ 12. Because of the failure of the suspensive condition, Yor-Wic seeks a judgment declaring the subcontract invalid, void, null, unenforceable, extinguished, and/or without cause or consent. See id. at p. 4, ¶ 15. In

---

[1] The instant Rule 12(c) Motion is directed at every cause/theory asserted by Yor-Wic except its suspensive condition theory. EDT intends to address Yor-Wic's suspensive condition theory in a subsequent Fed. R. Civ. P. 56, motion for summary judgment. See Record Document 30-1 at p. 10, EDT's Memorandum in Support of Partial Motion for Judgment on the Pleadings.

addition, Yor-Wic seeks the same declaration as to the payment and performance bonds that secured performance of the subcontract. See id. at ¶¶ 16-17.

On February 1, 2017, EDT removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Also on February 1, Yor-Wic filed a Motion for Leave to File First Amending and Supplemental Petition and Incorporated Memorandum, and this Court administratively entered Yor-Wic's First Amending, Supplemental and Restated Petition on February 19, 2017. See Record Document 9-1 at p. 26. In Yor-Wic's amended Petition, it added several more claims including equitable estoppel, impossibility of performance based on a fortuitous event, subjective novation, nullity based on an alleged False Claims Act violation and lack of consent due to error as to person. See Record Document 9-1 at p. 34, ¶¶ 20-25, Amended Petition. EDT filed an original and amended Answer with affirmative defenses and counterclaims against Yor-Wic based on Yor-Wic's alleged termination for default due to Yor-Wic's unilateral abandonment of the work, not due to any EMR rating non-compliance. See Record Document 13; Record Document 30-1 at p. 7; Record Document 32.

## II.     LAW AND ANALYSIS

As noted *supra*, this Court's subject matter jurisdiction rests on diversity, and the parties do not appear to dispute that Louisiana substantive law governs the issues at bar. Foradori v. Harris, 523 F.3d 477, 486 (5th Cir.2008) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law") (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78–79, 58 S. Ct. 817, 822 (1938)).

### A. Pleading Standards and the Federal Rule of Civil Procedure 12(c) Standard.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

While EDT's Motion to Dismiss is couched as a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Failure to State a Claim, it should more properly be construed as a Partial Motion for Judgment on the Pleadings pursuant to Rule 12(c). Under Rule 12(c) "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). After the close of pleadings and prior to the start of trial, EDT filed its Motion to Dismiss, which due to the timing of filing, is construed as a Rule 12(c) judgment on the pleadings. However, this distinction does not affect the Court's legal analysis because the standards for motions under Rule 12(b)(6) and Rule 12(c) are identical. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) ("The standard for deciding such a motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.").

Accordingly, under Rule 12(c), courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may be fairly drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. at 975 (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)). Courts considering a motion to dismiss under Rule 12(c) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949, see also Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.

Rule 12(c) is "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (quoting Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir.1990)). In other words, judgment on the pleadings pursuant to Rule 12(c) is appropriate only if "material facts are not in dispute and questions of law are all that remain." Voest–Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir.1998); see also Brittan Communications Int'l Corp. v. Southwestern Bell Tel. Co., 313 F.3d 899, 904 (5th Cir.2002). Like Rule 12(b)(6) motions to dismiss for failure to state a claim, a motion to dismiss under Rule 12(c) is disfavored and rarely granted. See, e.g., Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir.

2009) (Rule 12(b)(6)); Boyd v. Dallas Indep. Sch. Dist., Civil Action No. 3:08–0426, 2009 WL 159243, at *1 (N.D. Tex. Jan.21, 2009) (Rule 12(c)). However, if the complaint does not meet this standard, it can be dismissed "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

Typically at the Rule 12(c) stage, courts may not go outside the pleadings. However, in the present action, the Court may consider the subcontract in assessing the Rule 12(c) Partial Motion for Judgment on the Pleadings because it was referred to in Yor-Wic's original and amended Petition, and it is central to Yor-Wic's claims. See New Orleans City v. Ambac Assur. Corp., 815 F.3d 196, 200 (5th Cir. 2016)

### B. Federal Declaratory Judgment Actions.

"When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." Bell v. Bank of America Home Loan Servicing LP, Civil Action No. 4:11–02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 463 (1937); Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir.1984).

Yor-Wic is requesting the Court to rule on the validity of the subcontract with EDT. To support this request, Yor-Wic advances a number of legal claims/affirmative defenses including lack of consent due to error as to the cause, equitable estoppel, impossibility of performance due to a fortuitous event, subjective novation, and nullity based on an

alleged False Claims Act violation. See Record Document 9-1 at p. 34, ¶¶ 15, 20-25. Therefore, the Court will analyze whether Yor-Wic has pleaded sufficient facts that would support the Court denying the present Motion before the Court.

### C. Error as to Cause.

Yor-Wic asserts that it has made a plausible statement of a claim for vitiation of consent due to the lack of cause.[2] Yor-Wic's claim of error concerns whether Yor-Wic would have entered into the subcontract had it known about an alleged undisclosed joint venture involving EDT.[3] Accordingly, at issue here is Yor-Wic's contention that its consent to enter into the subcontract was vitiated by error.

Under Louisiana law, formation of a valid and enforceable contract requires that "(1) the parties must possess the capacity to contract; (2) the parties' mutual consent

---

[2] Under Louisiana law the concepts of "error" and "failure of cause" are one in the same. See Chalos & Co., P.C. v. Marine Managers, Ltd., Civil Action No. 14-2441, 2015 WL 6442558, at *7 n. 64 (E.D. La. Oct. 23, 2015). Yor-Wic in its original and amended Petition asserts that the subcontract lacks cause. To avoid confusion, the Court will refer to Yor-Wic's claim on this point as "error."

[3] After review of the pertinent pleadings, Yor-Wic has failed to plead other causes for entering into the subcontract in its original and amended Petitions as well as its Memorandum in Opposition to EDT's Partial Motion for Judgment on the Pleadings. Furthermore, the only error that can be ascertained by the Court concerns Yor-Wic's contention that an undisclosed joint venture by EDT constitutes an error. See Record Document 9-1 at p. 35, ¶ 25. Accordingly, the Court finds that Yor-Wic's cause for entering into the subcontract with EDT was the $6,578,183.46 prospective payment and the error bears on the person or qualities of the other party. Since Yor-Wic has failed to raise and support with both facts and law other legal theories for its error claim in order to vitiate its consent to the subcontract, the Court deems any arguments in the future **WAIVED**. See Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted) ("the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may be fairly drawn that evidence on these material points will be introduced at trial.").

must be freely given;[4] (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose." New Orleans City v. Ambac Assur. Corp., 815 F.3d 196, 202 (5th Cir. 2016) (citation and quotation omitted).

In Louisiana, "a party's contractual consent 'may be vitiated by error, fraud, or duress.'" Chalos & Co., P.C. v. Marine Managers, Ltd., Civil Action No. 14-2441, 2015 WL 6442558, at *7 (E.D. La. Oct. 23, 2015) (citing La. Civ. Code art.1948). However, "[e]rror vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known by the other party." La. Civ. Code art. 1949. "Cause is the reason why a party obligates himself" and is the functional equivalent of consideration at common law. La. Civ. Code art. 1967; see Acadian Cypress & Hardwood Inc. v. Stewart, 2012-1425 (La. Ct. App. 1st Cir. 3/22/13), 121 So. 3d 667, 671. However, unlike consideration, cause only requires a valid reason for the promise, the promisor need not get anything in return. See id. at 671. "Error may concern a cause" when the error

> bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstance that the parties regarded, or should in good faith have regarded, as a cause of the obligation.

La. Civ. Code art. 1950. "If error vitiates a party's consent, the contract may be rescinded." Chalos, 2015 WL 6442558, at *7 (citation omitted). Accordingly, "a party asserting error

---

[4] EDT fails to address Yor-Wic's contention in its original and amended Petition that the subcontract executed by Yor-Wic was changed by EDT subsequent to Yor-Wic's execution and prior to EDT's execution resulting in a counteroffer, which was not accepted by Yor-Wic and lacked Yor-Wic's consent. Yor-Wic advances this argument in order for the Court to find the subcontract null. Because this argument was not raised by EDT in its Memorandum in Support or its Reply Memorandum, the Court cannot address it *sua sponte.*

as a defense to enforcement of a contract must prove (1) an objective cause, or reason, why it entered into the contract; and (2) an error as to that cause, which may entitle the party to rescission or reformation of the contract." Id.

In Louisiana, error can vitiate consent in two ways, bilaterally, i.e., both parties are mistaken, or unilaterally, i.e., only one party is mistaken. See Peironnet v. Matador Res. Co., 2012-2292 (La. 6/28/13), 144 So.3d 791, 807. When both parties are individually mistaken, i.e., bilateral error, both parties are clearly aware the matter in error was the cause of their mutual obligations, thus vitiating the consent of both parties. See id. at 807. When one party is mistaken, "that mistake will vitiate consent if the other party knows or should have known." Id. Here, the Court can infer that Yor-Wic has alleged a unilateral error. "A unilateral error may invalidate a contract when an error exists as to a fact that was a cause for making the contract and when the party who induced the error knew or should have known that it was the cause." LaCross v. Cornerstone Christian Acad. of Lafayette, Inc., 2004-341 (La. Ct. App. 3rd Cir. 12/15/04), 896 So.2d 105, 107–08, writ denied, 2005-0128 (La. 3/24/05), 896 So.2d 1037. In other words, if only one party is in error, the contract will be rescinded if: (1) the error concerns a cause without which the obligation would not have been incurred; and (2) cause was known or should have been known by the other party.

Therefore, the Court will examine whether Yor-Wic would have entered into the subcontract had it known about an undisclosed joint venture involving EDT. Yor-Wic pleads that subsequent to rejection by NAVFAC of Yor-Wic as the subcontractor, it learned that EDT was in an undisclosed joint venture with ACC Construction Co., Inc. ("ACC"). See Record Document 9-1 at p. 35, ¶ 25. Yor-Wic argues that the principal cause

for Yor-Wic in the subcontract was the payment of $6,578,183.46, which was solely in the hands of the undisclosed joint venture, ACC-EDT JOINT VENTURE LLC. See Record Document 39 at p. 21. Specifically, Yor-Wic argues that the payments made by EDT to Yor-Wic for bond premium reimbursement and nominal work while awaiting NAVFAC's approval were made from an account shown as ACC-EDT JOINT VENTURE LLC. See id. at 20.

However, the Court is not persuaded by Yor-Wic's argument that it would not have entered into the contract had it known of the joint venture nor has Yor-Wic alleged sufficient facts to meet this element. In fact, it is highly likely that Yor-Wic would have entered into the subcontract despite being paid by an undisclosed joint venture. Yor-Wic's willingness to enter into the subcontract despite its awareness that NAVFAC could potentially reject Yor-Wic due to its high EMR and the fact the subcontract was worth $6,578,183.46 supports the Court's conclusion. Accordingly, the Court rejects Yor-Wic's claim of error bearing upon the person or the qualities of EDT with whom Yor-Wic had subcontracted with. Therefore, EDT's Motion for Partial Judgment on the Pleadings as to Yor-Wic's error claim is hereby **GRANTED**.

### D. Equitable Estoppel.

Louisiana recognizes both equitable estoppel and detrimental reliance under La. Civ. Code art.1967 and the elements for each are the same. See Barnett v. Saizon, 2008-0336 (La. Ct. App. 1st Cir. 9/23/08), 994 So.2d 668, 674 (stating that the "theory of detrimental reliance, also referred to as promissory or equitable estoppel, is based on La. Civ. Code art.1967.").

> Equitable estoppel has been defined as the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who

has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. The doctrine is based on equitable considerations of good faith and is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations or silence.

Knippers v. Dr. W.W. Lambard, 620 So.2d 1368, 1374 (La. Ct. App. 2nd Cir.1993) (citations omitted). Likewise, "[u]nder the detrimental reliance doctrine established by Louisiana law, a party is permitted to recover economic harm whenever the defendant made a representation by word or conduct upon which the plaintiff justifiably relied and because of which plaintiff changed his position to his detriment." Babkow v. Morris Bart, P.L.C., 98-0256 (La. Ct. App. 4th Cir. 12/16/98), 726 So.2d 423, 427 (quotation marks and citation omitted). The elements for equitable estoppel are the same as for detrimental reliance: "(1) representation by conduct or word, (2) justifiable reliance in representation, and (3) change in position to detriment because of reliance." Id. at 427; Knippers, 620 So.2d at 1374–75.

"Estoppel is not favored by Louisiana courts. It is invoked sparingly because it acts to bar the normal assertion of rights. Any party seeking to invoke estoppel must specifically plead and prove the factual elements of the doctrine." Knippers, 620 So.2d at 1374–75 (citations omitted). "If the evidence reveals that the asserting party had actual knowledge, or a ready and convenient means of determining the facts concerning representations made, equitable estoppel will not lie." Id. at 1375 (citations omitted).

Yor-Wic in its amended Petition states that:

EDT is estopped from asserting the existence of an enforceable subcontract with Yor-Wic due to multiple misrepresentations in writing and conduct by EDT to NAVFAC subsequent to the rejection by NAVFAC of Yor-Wic as a subcontractor for the project due to non-compliance with the EMR specification and that other entities were to become the construction

subcontractor to EDT for the scope of work originally included in Yor-Wic's scope of work . . . .

Record Document 9-1 at p. 34, ¶ 20. However, Yor-Wic in its Memorandum in Opposition contends that "Yor-Wic's equitable estoppel claim may be admittedly more addressed as an affirmative defense to EDT's counterclaim." Record Document 39 at p. 22. Yor-Wic contends that it "was attempting to address the conduct whereby EDT claimed Yor-Wic was its subcontractor, after rejection by the government, but yet had already submitted other subcontractors for Yor-Wic's scope of work." Id. Therefore, the Court finds that Yor-Wic's equitable estoppel claim is **WAIVED** and more appropriately asserted in its answer to EDT's counterclaim as an affirmative defense. Accordingly, the Court finds that Yor-Wic's equitable estoppel claim should be **DISMISSED**. Therefore, EDT's Motion for Partial Judgment on the Pleadings as to Yor-Wic's equitable estoppel claim is hereby **GRANTED**.

### E.    Impossibility of Performance.

La. Civ. Code art. 1873 introduces the defense of impossibility of performance. La. Civ. Code art. 1873, com. (c).[5] La. Civ. Code art. 1873 provides in pertinent part that, "[a]n obligor is not liable for his failure to perform when it is caused by a fortuitous event that makes performance impossible. An obligor is, however, liable for his failure to

---

[5] The Court recognizes that the Revision Comments to the Louisiana Civil Code are not law. Nonetheless, these comments are instructive, as "they were presented together with the proposed legislation and illuminate the understanding and intent of the legislators." Wartelle v. Women's & Children's Hosp., Inc., 97-0744 (La. 12/2/97), 704 So.2d 778, 783. Both federal and state courts often look to the Revision Comments for guidance. See, e.g., McGee v. Arkel Int'l, LLC, 671 F.3d 539, 543 (5th Cir. 2012); Willis-Knighton Med. Ctr. v. Caddo Shreveport Sales & Use Tax Comm'n, 2004-0473 (La. 4/1/05), 903 So.2d 1071, 1085.

perform when he has assumed the risk of such a fortuitous event." La. Civ. Code art. 1873. "A fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen." La. Civ. Code art. 1875. The subcontract can be dissolved if, "the entire performance owed by one party has become impossible because of a fortuitous event." La. Civ. Code art. 1876.

Louisiana courts have discussed fortuitous events as an "irresistible force" or "that which happens by a cause which we cannot resist." Mark Investments, Inc. v. Motwane's Am., Inc., 483 So.2d 1187, 1189 (La. Ct. App. 1986). Louisiana jurisprudence also "uses the terms 'fortuitous event' and force majeure (irresistible force) interchangeably." Payne v. Hurwitz, 2007-0081 (La. Ct. App. 1st Cir. 1/16/08), 978 So.2d 1000, 1005. "Force majeure is defined as 'an event or effect that can be neither anticipated nor controlled.'" Id. at 1005 (citing Black's Law Dictionary 673-674 (8th ed. 2004)). Fortuitous events and force majeure include "such acts of nature as floods and hurricanes" and "[i]t is essentially synonymous with the common law concept of 'act of God.'" Id. at 1005 (citing Saden v. Kirby, 94-0854 (La. 9/5/95), 660 So.2d 423, 428; Bass v. Aetna Ins. Co., 370 So.2d 511, 513 n. 1 (La. 1979); and A. Brousseau & Co. v. Ship Hudson, 11 La. Ann. 427 (La. 1856)).

Yor-Wic asserts that since it was not allowed to perform as a subcontractor by NAVFAC as defined in the Federal Acquisition Regulations and the subcontract, the Court should deem Yor-Wic's performance impossible and dissolve the subcontract. In its original and amended Petition, Yor-Wic alleges that it advised EDT prior to the execution of the subcontract that Yor-Wic's EMR exceeded the maximum allowed by the EMR specification. See Record Document 9-1 at p. 32, ¶ 9. Nonetheless, EDT submitted Yor-Wic's EMR to NAVFAC, but NAVFAC rejected Yor-Wic as a subcontractor due to non-

compliance with the EMR specification. See id. at ¶ 10. Subsequent to the rejection, EDT submitted a written request for additional consideration to the contracting officer due to Yor-Wic's failure to fall within the specified EMR range, but the request was rejected by NAVFAC. See id. at ¶ 11.

The Court is not persuaded by Yor-Wic's argument that because it was not allowed to perform as a subcontractor by NAVFAC, its performance was impossible. It is true that Yor-Wic's performance was made impossible by NAVFAC's waiver rejection, but this was a business risk assumed by Yor-Wic, not an "act of God." See Payne, 978 So.2d at 1005. Moreover, NAVFAC rejecting Yor-Wic as a subcontractor is not a fortuitous event because it was reasonably foreseeable by Yor-Wic when it entered into the subcontract. Yor-Wic was aware prior to entering into the subcontract that its EMR exceed the maximum allowed by the EMR specification, and thus the possibility that NAVFAC would fail to grant a waiver because of this. Accordingly, the Court finds that Yor-Wic's claim of impossibility of performance due to a fortuitous event should be **DISMISSED**. Therefore, EDT's Motion for Partial Judgment on the Pleadings as to Yor-Wic's impossibility of performance claim is hereby **GRANTED**.

**F.    Subjective Novation.**

"Novation is the extinguishment of an existing obligation by the substitution of a new one." La. Civ. Code art. 1879. The intention to extinguish the original obligation must be clear and unequivocal; novation may not be presumed. La. Civ. Code art. 1880. Further, "the burden of proof for establishing novation is on the person who asserts it." Scott v. Bank of Coushatta, 512 So.2d 356, 360 (La. 1987). "The intent of the parties is the paramount factor in proving a novation." Barham v. St. Mary Land & Expl. Co., 48-

603 (La. Ct. App. 2nd Cir. 11/20/13), 129 So.3d 705, 709, writ denied, 2013-2943 (La. 2/21/14), 134 So.3d 586. In Louisiana, there are two types of novation, objective and subjective novation. See Ciolino v. First Guar. Bank, 2012-2079 (La. Ct. App. 1st Cir. 10/30/13), 133 So.3d 686, 698 (THERIOT, J., dissenting). An objective novation occurs when "the parties agree that a new performance or cause is substituted for the previous one." Id. at 698; see La. Civ. Code art. 1881. A subjective novation occurs when "a new obligor is substituted for a prior obligor who is discharged by the obligee." Id.; see La. Civ. Code art. 1882. This can be accomplished without the consent of the prior obligor, unless the prior obligor still had an interest in performing the obligation. Id.; see La. Civ. Code art. 1882.  Moreover, an essential requisite to confect a subjective novation is the express discharge of the debtor from his obligation. See Baron v. Guidry, 17 La. Ct. App. 1st Cir. 32, 34, 134 So. 410, 411 (1931).

Yor-Wic alleges that EDT made "multiple representations in writing and conduct . . . to NAVFAC subsequent to the rejection . . . of Yor-Wic as a subcontractor . . . [and] confirm[ed] that other entities were to become the construction subcontractor." Record Document 9-1 at p. 34, ¶ 23. This allegation, at this stage in the litigation, can reasonably be construed as an express discharge by EDT of Yor-Wic as the subcontractor. Furthermore, this allegation, taken as true, supports Yor-Wic's claim under La. Civ. Code art. 1882 because new obligors were allegedly substituted for Yor-Wic, a prior obligor. Upon review of Yor-Wic's amended Petition and its Memorandum in Opposition, Yor-Wic has sufficiently pleaded facts that would support its subjective novation claim. See Record Document 9-1 at p. 34, ¶ 23; Record Document 39 at p. 21. Accordingly, EDT's Motion

for Partial Judgment on the Pleadings as to Yor-Wic's subjection novation claim is hereby **DENIED**.

### G. False Claims Act.

In its Memorandum in Opposition to EDT's Partial Motion for Judgment on the Pleadings, Yor-Wic states that it did not assert a cause of action under the False Claims Act pursuant to 31 U.S.C. § 3729. See Record Document 39 at p. 25. Accordingly, the Court finds that any subsequent claim by Yor-Wic under the False Claims Act is hereby **WAIVED**. Furthermore, pursuant to Federal Rule of Civil Procedure 12(f), paragraph 24 in Yor-Wic's First Amending and Supplemental Petition is hereby stricken from the record. See Fed. R. Civ. P. 12(f) (a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Accordingly, EDT's Motion for Partial Judgment on the Pleadings as to Yor-Wic's claim pursuant to the False Claims Act is hereby **GRANTED**.

## III. CONCLUSION

EDT's Partial Motion for Judgment on the Pleadings (Record Document 30) is **GRANTED IN PART AND DENIED IN PART**. EDT's Motion for Judgment on the Pleadings is **GRANTED** as to Yor-Wic's claims for error as to cause, equitable estoppel, impossibility of performance, and False Claims Act. Thus, these claims are hereby **DISMISSED WITH PREJUDICE**. EDT's Motion for Judgment on the Pleadings is **DENIED** as to Yor-Wic's subjective novation claim.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 11th day of July, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT