UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| YOR-WIC CONSTRUCTION CO., INC. | CIVIL ACTION NO. 17-0224 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ENGINEERING DESIGN TECHNOLOGIES, INC., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is Third-Party Defendant Fidelity and Deposit Company of Maryland's ("F&D") Motion to Dismiss[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 59. Third-Party Plaintiff Engineering Design Technologies, Inc. ("EDT") opposes the motion. See Record Document 67. F&D seeks dismissal of EDT's claims for detrimental reliance and subcontract breach. For the reasons set forth below, F&D's motion is hereby **GRANTED**.

**I.      BACKGROUND**

This case concerns the rights and obligations of multiple parties under a subcontract (the "Subcontract") executed by EDT, as general contractor, and Yor-Wic Construction Co., Inc. ("Yor-Wic"), as subcontractor. See Record Document 46 at 10. In addition, F&D, as surety, issued a Subcontract Performance Bond (the "Bond") on behalf of Yor-Wic, as principal, and EDT, as obligee. See Record Document 59-1 at 1–2.

On January 3, 2017, Yor-Wic filed a "Petition for Declaratory Judgment with Reservation of other Actions and Defenses" against EDT in the 26th Judicial District Court

---

[1] Although F&D's motion is titled as a "Motion to Dismiss" rather than a "Partial Motion to Dismiss," the Court notes that the motion does not seek dismissal of all of EDT's claims asserted against F&D.

for the Parish of Bossier, State of Louisiana. See Record Document 1-1 at 1. This suit was initiated by Yor-Wic after EDT defaulted Yor-Wic for non-performance. According to the original Petition, EDT entered into a contract (the "Prime Contract") with the Naval Facilities Engineering Command, Southeast ("NAVFAC") for construction of drainage improvements at Barksdale Air Force Base. See id. EDT, in turn, entered into a March 30, 2016 agreement (the "Subcontract") with Yor-Wic to perform work under the Prime Contract. See id. at 2.

The Prime Contract specified that EDT should not enter into any contract with a subcontractor who did not comply with the requisite Experience Modification Rate ("EMR"). See id. Yor-Wic alleged that, prior to the execution of the Subcontract, it advised EDT that Yor-Wic's EMR exceeded the maximum rate permitted by the Prime Contract. See id. at 3. Thereafter, EDT submitted Yor-Wic's EMR to NAVFAC, but NAVFAC rejected Yor-Wic as a subcontractor. See id. at 10. Following the initial rejection, "EDT submitted a written request for additional consideration to the [c]ontracting [o]fficer due to Yor-Wic's failure to meet the specified acceptable EMR range, but NAVFAC refused to approve Yor-Wic as a subcontractor to EDT for the [p]roject." Id.

In its original Petition, Yor-Wic contended that the Subcontract, by incorporating the EMR, included a suspensive condition that NAVFAC must approve Yor-Wic as a subcontractor for the project. See id. Because of the failure of the suspensive condition, Yor-Wic sought a judgment declaring the Subcontract invalid, void, null, unenforceable, extinguished, and/or without cause or consent. See id. at 4. In addition, Yor-Wic sought the same declaration as to the payment and performance bonds that secured performance of the Subcontract. See id.

On February 1, 2017, EDT removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Also on February 1, Yor-Wic filed a Motion for Leave to File First Amending and Supplemental Petition and Incorporated Memorandum, and this Court administratively entered Yor-Wic's First Amending, Supplemental and Restated Petition on February 19, 2017. See Record Document 9-1 at 26. In Yor-Wic's Amended Petition, it added several more claims including equitable estoppel, impossibility of performance based on a fortuitous event, subjective novation, nullity based on an alleged False Claims Act violation, and lack of consent due to error as to person. See id. at 34. EDT filed an original and amended answer with affirmative defenses and counterclaims against Yor-Wic based on Yor-Wic's alleged termination for default due to Yor-Wic's unilateral abandonment of the work, not due to any non-compliance with the EMR rating. See Record Document 13; Record Document 30-1 at 7; Record Document 32.

On July 11, 2018, this Court issued a Memorandum Ruling granting in part and denying in part a Partial Motion for Judgment on the Pleadings filed by EDT, which dismissed all of Yor-Wic's claims except for its subjective novation claim. See Record Document 73 at 16. On March 2, 2018, EDT filed a Second Amended Answer and Counterclaim against Yor-Wic and a Third-Party Demand (the "Third-Party Complaint") against F&D and United Fire and Casualty Company, Yor-Wic's general liability insurer. See Record Document 46; Record Document 59-1 at 2. In the Third-Party Complaint, EDT asserts several claims including, *inter alia*, that Yor-Wic and F&D are jointly, severally, and solidarily liable for EDT's damages under its claims for "Contract Default" and "Subcontract Default." See Record Document 46 at 19–20. Additionally, EDT asserts

a claim for "Detrimental Reliance" for EDT's reliance on alleged representations made by Yor-Wic concerning Yor-Wic's EMR and ability to complete performance of the Subcontract. See id. at 20. On May 8, 2018, F&D filed the instant Motion to Dismiss, seeking dismissal of EDT's claims for detrimental reliance and subcontract breach asserted against it in the Third-Party Complaint. See Record Document 59.

## II.    LAW AND ANALYSIS

### A.    Pleading and 12(b)(6) Motion to Dismiss Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally may not "go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993). However, a court may rely upon "documents incorporated into the complaint by reference and matters of which a

court may take judicial notice" in deciding a motion to dismiss. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008).[2] Additionally, courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir. 2004). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

### B. Claim for Detrimental Reliance

The Court first addresses EDT's claim for detrimental reliance asserted against F&D. In its Third-Party Complaint, EDT alleges that F&D is liable to it for reliance damages based on alleged representations made by Yor-Wic regarding Yor-Wic's EMR and ability

---

[2] The Court also notes that while its review of a Rule 12(b)(6) motion to dismiss is generally limited to the plaintiff's complaint, documents attached by a defendant are properly considered "if they are referred to in the plaintiff's complaint and are central to her claim," and "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." Carter v. Target Corp., 541 F. App'x 413, 416–17 (5th Cir. 2013) (citations omitted) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000)).

to complete performance of the Subcontract. See Record Document 46 at 20; Record Document 59-1 at 3.

In order to state a cause of action for detrimental reliance under Louisiana law, a plaintiff must establish four elements: that (1) the defendant made a representation; (2) the plaintiff justifiably relied on the representation; and (3) the plaintiff changed its position to its detriment based on the reliance. See, e.g., Nola Fine Art, Inc. v. Ducks Unlimited, Inc., 88 F. Supp. 3d 602, 611 (E.D. La. 2015); La. C.C. art. 1967. Courts have stated that claims for detrimental reliance are "not favored in Louisiana" and, therefore, "must be examined carefully and strictly." In re Ark-La-Tex Timber Co., Inc., 482 F.3d 319, 334 (5th Cir. 2007) (citing May v. Harris Management Corp., 04-2657 (La. App. 1st Cir. 12/22/05), 928 So. 2d 140, 145).

In this case, it is undisputed that EDT only alleges that Yor-Wic, and not F&D, made representations that EDT allegedly relied on to its detriment. See Record Document 46 at 20–21; Record Document 59-1 at 5. Although it appears that no Louisiana court has addressed the issue regarding whether a surety can be liable for detrimental reliance based on representations made only by the principal, the Court is persuaded by other sources, including federal caselaw addressing the question, that a surety should not be held liable in such a situation. See, e.g., U.S. for Use of Witt v. JP, Inc., 655 F. Supp. 480, 481 (D. Alaska 1987) ("[E]stoppel does not operate against the surety where the conduct giving rise to it was conduct only of the principal."); U.S. for Use of Kane of New England, Inc. v. Diamond Const., Inc., 582 F. Supp. 886, 886 (D. Mass. 1984). Therefore, EDT's claim for detrimental reliance against F&D is dismissed.

In addition, EDT argues that it should be able to recover reliance damages against F&D under the Bond. Under Louisiana law, the obligations of a surety must be express and in writing. La. C.C. art. 3038; see Jimco, Inc. v. Gentilly Terrace Apartments, Inc., 230 So. 2d 281, 284 (La. App. 4th Cir. 1970). Furthermore, a surety's obligations cannot be presumed or established by inference. See Jimco, Inc., 230 So. 2d at 284; see also Williams v. Williams, 95-13 (La. App. 5th Cir. 4/25/95), 655 So. 2d 405, 408. Here, the Bond does not expressly provide coverage for detrimental reliance claims, whether due to representations made by Yor-Wic or F&D. See Record Document 67 at 5; Record Document 69 at 3. Instead, the Bond only provides that F&D, as surety, guarantees the reasonable cost of performing the subcontract upon notice of any default by the principal, Yor-Wic. See Record Document 69 at 3. EDT argues that it should be able to recover on its detrimental reliance claim under the Bond because the Bond does not include language "excluding claims for detrimental reliance." See Record Document 67 at 5 n.3. However, the Court rejects this argument as it directly conflicts with the rule stated above that a surety's obligations cannot be presumed or established by inference. See supra. Accordingly, EDT cannot seek reliance damages against F&D under the Bond.

**C.  Whether EDT's Claims for Subcontract Breach and Contract Default Are Duplicative**

F&D also seeks dismissal of EDT's claim for subcontract breach on the ground that it is duplicative of its claim for contract default. See Record Document 59-1 at 5. A claim can be dismissed as duplicative under Rule 12(b)(6) when it seeks identical damages as another claim asserted in the complaint. See O'Quain v. Shell Offshore, Inc., No. 12-1693, 2013 WL 149467, at *4 (E.D. La. Jan. 14, 2013). Courts have held that two claims are duplicative of one another "if they arise from the same facts and do not allege

distinct damages." See, e.g., id. (citing Conway v. Ichahn & Co., 16 F.3d 504, 511 (2d Cir. 1994)); see also White v. United States, 507 F.2d 1101, 1103 (5th Cir. 1975).

In this case, the Court agrees with F&D's argument that EDT's claim for subcontract breach is duplicative of its claim for contract default. Both claims, as asserted in the Third-Party Complaint, request monetary damages against Yor-Wic and F&D, jointly, severally, and solidarily, due to Yor-Wic's alleged failure to perform the Subcontract. See Record Document 46 at 19–20. Specifically, EDT's claim for contract default seeks "its costs exceeding Yor-Wic's Subcontract price to perform and complete the scope of work in Yor-Wic's Subcontract" and, further, "monetary damages against Yor-Wic and F&D, jointly, severally and solidarily exceeding $75,000.00" due to Yor-Wic's alleged contract default for its failure to perform under the subcontract. See id. at 19. Likewise, EDT's claim for subcontract breach seeks "monetary damages against Yor-Wic and F&D, jointly, severally and solidarily exceeding $75,000.00" due to Yor-Wic's alleged breach of contract "by failing to perform and abandoning the work." See id. at 20. The Court finds that the claims are duplicative of one another because they both seek costs to overcome Yor-Wic's alleged failure to perform the subcontract, and further, both arise from such failure to perform. Accordingly, EDT's claim for subcontract breach against F&D must also be dismissed.

### III. CONCLUSION

Based on the foregoing reasons, F&D's Motion to Dismiss (Record Document 59) is **GRANTED** and EDT's claims for detrimental reliance and subcontract breach are hereby **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of March, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT